**In re Jose Antonio PITTS, Debtor.**

**Jose Antonio Pitts, Plaintiff,**

**v.**

**USA Servicing Company; Sallie Mae Inc.; General Revenue Corporation; Direct Loan Servicing Center; and The United States Department of Education, Defendants.**

Bankruptcy No. 6:09–bk–19591–KSJ.
Adversary No. 6:10–ap–00094–KSJ.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 20, 2010.

Jose Antonio Pitts, Saint Cloud, FL, pro se.

## MEMORANDUM OPINION DENYING THE UNITED STATES DEPARTMENT OF EDUCATION'S MOTION TO DISMISS

KAREN S. JENNEMANN, Bankruptcy Judge.

The Debtor, Jose Antonio Pitts, filed this adversary proceeding against multiple defendants, including the United States Department of Education, to determine the dischargeability of his student loan debts pursuant to 11 U.S.C. Section 523(a)(8) (2010) (Doc. No. 1). The Department of Education now moves to dismiss Mr. Pitts' Complaint for a lack of ripeness alleging the debtor has not exhausted all available administrative remedies available to him (Doc. No. 7). After considering the requisite elements of ripeness, and the potential hardship to Mr. Pitts, the Court finds that the debtor's Complaint is ripe for consideration despite the existence of an alternative remedy, and, therefore, denies the Department's Motion to Dismiss.

Mr. Pitts has student loan debts from five different lenders that he incurred while he attended Pensacola Junior College beginning in 1993 (Doc. No. 1). In 2005, the debtor suffered brain and spine injuries in a serious car accident, which allegedly caused him to be permanently disabled and unable to work (Doc. No. 1). Due to his permanent disability, the Department granted Mr. Pitts a three-year conditional discharge, but he now seeks a complete discharge of his student loan debt under the "undue hardship" provision of Section 523(a)(8) of the Bankruptcy Code.[1]

Mr. Pitts seeks relief from this Court because, he argues, the requirements of the Department's conditional discharge are more stringent than those under the Bankruptcy Code, at least in his case. For example, if the Department determines that a debtor is "totally and permanently" disabled, he is entitled to only a conditional (not permanent) discharge of his student loan obligations. 34 C.F.R. § 685.213 (2008). The Department's conditional discharge lasts for only three years and suspends the accrual of interest as well as the debtor's obligation to make payments. To remain under the conditional discharge, a debtor must meet two continuing requirements: 1) he must not borrow more money

---

1. Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

under the federal loan programs, and 2) his income must not exceed the poverty guideline amount for a family of two in the debtor's state of residence, regardless of the debtor's actual family size. If a debtor meets the requirements of the conditional discharge for the three-year period, he then qualifies for a permanent discharge of the loan. Mr. Pitts has a family of five, so the second requirement, that his family income remain below the poverty guideline amount for a family of two, for three years, is a harsh constraint. This explains his desire to seek immediate relief from the Court.

The Department has moved to dismiss Mr. Pitts' Complaint for a lack of ripeness (Doc. No. 7). An action may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6), if the moving party's pleading fails to state a claim upon which relief can be granted. To survive a motion to dismiss, however, the pleading must only contain facts that, if true, state a plausible claim to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The issue of ripeness is properly raised on a motion to dismiss under Fed.R.Civ.P. 12(b)(1) because ripeness pertains to Federal Courts' subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir.2010).

Mr. Pitts' Complaint includes the requisite elements of the "undue hardship" test under Section 523(a)(8) and states a claim for relief. Student loan debts are not dischargeable unless a debtor can show that excepting the debt from discharge would impose "undue hardship." In the Eleventh Circuit, to establish "undue hardship," "the debtor must show 1) that [she] cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; 2) that addition-

al circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and 3) that the debtor has made good faith efforts to repay loans." *In re Cox*, 338 F.3d 1238, 1241 (11th Cir.2003) (adopting *Brunner v. New York State Higher Educ. Services Corp.*, 831 F.2d 395 (2d Cir.1987)). Viewing the facts in the light most favorable to Mr. Pitts, he sufficiently pleads each element of the *Brunner* test. However, the Department asserts that meeting the three requirements of the *Brunner* test is not the only issue for consideration and that this Court should dismiss Mr. Pitts' Complaint based on the issue of ripeness (Doc. No. 7).

The "question of whether a particular case is ripe turns on 1) 'the fitness of the issues for judicial decision, and 2) the hardship to the parties of withholding court consideration.'" *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541 (11th Cir.1986) (quoting *Thomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985)). The first prong of this analysis, "fitness for judicial decision," requires that "the controversy ... be definite and concrete, touching legal relations of parties having adverse legal interests." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, (1937). The Department's ripeness argument relies on a single unpublished opinion, *In re Furrow*, 2005 WL 1397156 (Bankr.W.D.Mo. May 24, 2005), which is apparently the only case that supports the proposition that, until a debtor has exhausted all of his administrative remedies, his 523(a)(8) action is not ripe for judicial decision.

In *Furrow*, the Bankruptcy Court for the Western District of Missouri reasoned that a 523(a)(8) action was not ripe for consideration because the debtor had not

yet exhausted all potential administrative remedies and, therefore, the issue was not definite enough to meet the first prong of the ripeness analysis. 2005 WL 1397156, at *1. The debtor in *Furrow,* similar to Mr. Pitts, was permanently disabled, and the Department had granted him a conditional discharge of his student loan debt before he sought relief from the bankruptcy court under 523(a)(8). *Id.* The court found that the debtor potentially could obtain the relief he sought in bankruptcy court through the final discharge from the Department. *Id.* Therefore, the court held that the matter was not ripe for a decision until after the three-year period had lapsed and the debtor had still not received a final discharge. *Id.*

This Court is not persuaded by *Furrow*'s reasoning. The first factor of the ripeness analysis is generally used to "safeguard against judicial review of hypothetical or speculative [matters]." *Neb. Pub. Power District. v. MidAmerican Energy Co.,* 234 F.3d 1032, 1037–1038 (8th Cir.2000). Here there is no danger of judicial review of a hypothetical matter because Mr. Pitts' 523(a)(8) action is ready for decision, whether repayment of his student loans would cause Mr. Pitts an undue hardship due to the injuries he sustained in a 2005 car accident is not hypothetical or subject to speculation. He either can prove his case or not.

The purpose of the Bankruptcy Code is to give debtors a fresh start and to help debtors reorder their financial affairs. *Grogan v. Garner,* 498 U.S. 279, 286–287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Although the Department has offered Mr. Pitts another alternative, which other borrowers may pursue, Mr. Pitts has decided to request an immediate discharge of his student loan liability under the Bankruptcy Code. Mr. Pitts credibly argues he is entitled to an immediate discharge of his student loan debt, need not wait three

years, and that further delay would cause he and his family substantial hardship. Mr. Pitts has three dependents, and the hardship to him if this action is not considered by the Court is obvious: in order to comply with the conditional discharge requirement, Mr. Pitts and his family of five would be required to live below the poverty guideline for a family of two for three years.

The Court agrees and rejects the decision by the bankruptcy court in *Furrow* that requires debtors first to pursue debt forgiveness programs offered by student loan collection agencies before seeking relief under Section 528(a)(8) of the Bankruptcy Code.

Even if the Court adopted *Furrow*'s reasoning, hardship considerations in Mr. Pitts' case would cause the Court to deny the Department's motion to dismiss. The second prong of the ripeness analysis, hardship to the parties, supports Mr. Pitts' position. *Furrow* briefly dealt with this portion of the analysis and summarily concluded that there would be no hardship to the debtors if their 523(a)(8) action was dismissed. 2005 WL 1397156 at *2. However, in *Furrow,* the two debtors had no dependents, so the Department's conditional discharge requirement that the debtor meet the poverty guideline for a family of two was reasonable. 2005 WL 1397156 at *1.

The Department has failed to demonstrate that Mr. Pitts' allegations are not fit for judicial determination or to refute Mr. Pitts' claim that continued delay would cause substantial hardship to he and his family. For these reasons, the Department of Education's Motion to Dismiss is denied. A separate order consistent with this Memorandum Opinion will be entered.